Michael R. Yellin – NJ Atty ID #014712008
**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
Hackensack, NJ  07601
Telephone:     201-525-6258
*Attorneys for Plaintiff, ALO, LLC*

Meredith L. Williams – California State Bar No. 292888
(*pro hac vice* forthcoming)
**RUTAN & TUCKER, LLP**
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:     714-641-5100
Facsimile:     714-546-9035
*Attorneys for Plaintiff, ALO, LLC*

| | |
|---|---|
| ALO, LLC,<br>a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STORYHENGE CO. LTD. also known as STORYHENGE LTD., a Korean corporation; EYEWEAR SPACE ALO INC., a New Jersey Domestic For-Profit Corporation; BYEONG ROK KIM, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff ALO, LLC ("Plaintiff" or "ALO") brings this action seeking injunctive and monetary relief for federal trademark infringement, false designation of origin, and common law unfair competition and trademark infringement of ALO's registered "ALO" trademarks (the "ALO Marks"), against defendants Storyhenge Co. Ltd. aka Storyhenge Ltd. ("Storyhenge"), Eyewear Space ALO Inc. ("Eyewear Space ALO"), and Byeong Rok Kim ("Mr. Kim"; collectively, with Storyhenge and Eyewear Space ALO, "Defendants").

40000/0910-52678816v2

**NATURE OF THE ACTION**

1.      This is an action brought by ALO to protect the rights and substantial goodwill that it has developed in its federally registered ALO Marks over the last two decades, and specifically to put a stop to Defendants' use of an identical—and so confusingly similar—ALO mark (the "Infringing ALO Mark") in connection with glasses and sunglasses.

2.      ALO is a premier luxury apparel, health and wellness company that has become well-known around the world for its activewear and other high-quality clothing, accessories, wellness products, and overall mission to inspire mindfulness.  The ALO brand began in Los Angeles about 20 years ago and is protected by a global trademark portfolio that includes the ALO Marks.  ALO's wide array of popular products is sold throughout the United States and around the world, including in more than 100 ALO retail stores, and through ALO's website: www.alo.com (which resolves to www.aloyoga.com).  Closely related and/or complementary to its popular apparel, in particular, ALO began selling sunglasses in connection with its ALO Mark at least as early as September 17, 2021.

3.      In or about 2025, many years after ALO's longstanding use of the ALO Marks (including on sunglasses), Defendants began selling glasses and sunglasses under the Infringing ALO Mark in the United States.  Specifically, Storyhenge began and is based in South Korea, but recently decided to expand operations in the United States, and applied to register the Infringing ALO Mark with the United States Patent and Trademark Office ("USPTO") on June 11, 2024.  Further, Storyhenge had Mr. Kim form a U.S. entity—Eyewear Space ALO—on May 8, 2025 to conduct Defendants' sales of eyewear in the United States under the Infringing ALO Mark.

4.      Defendants have thus violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 *et seq*. (the "Lanham Act"), and New Jersey state law through their unauthorized use of the Infringing ALO Mark on glasses and sunglasses, which is likely to

2

cause confusion, mistake, or deception among consumers who believe that Defendants or their goods are associated with ALO when they are not.  Plaintiff therefore brings this action to protect its valuable intellectual property rights and to prevent consumer confusion between its distinctive brand and Defendants' use of the Infringing ALO Mark.

## PARTIES

5.      Plaintiff ALO is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 9830 Wilshire Boulevard, Beverly Hills, California 90212.

6.      On information and belief, Defendant Storyhenge is a Korean corporation with a business address (per its website and information it has provided to the USPTO) at 3, Jahamun-ro 7-gil, Jongno-gu, 3rd Floor, Seoul, 03040 Republic of Korea.  While this entity provided its name to the USPTO as simply "Storyhenge," its formal Certificate of Corporate Registration provides its company name as "주식회사 스토리헨지" in Korean—which translates to "Storyhenge Co., Ltd."  Alternatively, Defendants' website lists the Korean entity's corporate name as "Storyhenge LTD.," as depicted below, *see infra* ¶ 17.

7.      Pursuant to 15 U.S.C. § 1051(e), Storyhenge has also designated with the USPTO David Youngjoon Jung of Bridgeway IP Law Group, PLLC as "a person resident in the United States on whom may be served notices or process in proceedings affecting the mark"; the "address specified in the last designation" filed by Storyhenge for this attorney is 11350 Random Hills Rd, Suite 800, Fairfax, Virginia 22030.

8.      On information and belief, Defendant Eyewear Space ALO Inc. is a New Jersey domestic for-profit corporation with a business address of 14 Hemlock Ln, Tenafly, New Jersey 07670-1743.

40000/0910-52678816v2

9.     On information and belief, Defendant Byeong Rok Kim, who is listed as a "Representative" and the registered agent of Eyewear Space ALO, resides at that same business address, i.e. 14 Hemlock Ln, Tenafly, New Jersey 07670-1743.

10.     On information and belief, Plaintiffs allege that all Defendants, including the defendants named herein as DOES 1 through 10, inclusive ("DOE Defendants"), performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Plaintiffs for the damages and relief sought herein.

11.     On information and belief, Plaintiff alleges that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of Defendants was the agent, employee, and/or co-conspirator of each of the other Defendants and was at all times acting within the course and scope of such agency, employment, and conspiracy with the knowledge and approval of each of the other Defendants.

12.     The identities of the individuals and entities named as DOE Defendants herein are not presently known, but Plaintiff will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

13.     On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents, partners, servants, employees, alter egos, or successors or predecessors in interest of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other Defendants, at all times relevant to this Complaint.

## JURISDICTION AND VENUE

14.     This action arises under the Lanham Act, 15 U.S.C. section 1051 *et seq.*, and under federal and state statutory and common law unfair competition.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section

4

1121, because ALO's claims arise, in part, under the Lanham Act.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over ALO's claims arising under the laws of the State of New Jersey.

15.     The Court has personal jurisdiction over Defendants because Eyewear Space ALO has a regular and established place of business in this district and was formed in this district, over Mr. Kim because he resides in this district, and, on information and belief, over Storyhenge because Eyewear Space ALO is effectively the United States alter ego of that Korean entity, acting as a mere conduit for Storyhenge with no real separate existence.

16.     Further on information and belief, Eyewear Space ALO is doing business in this forum that would otherwise be performed by Storyhenge, both are commonly owned, Eyewear Space is financially dependent on Storyhenge, and Storyhenge both controls Eyewear Space ALO's personnel, and its U.S. entity's marketing and operations, with no separate corporate structure or formalities separating their corporate existence.

17.     Indeed, Defendants' website (https://olabyalo.com/) displays the information about these two entities at the bottom of each page as if they are not separate entities at all, but merely Korean and United States locations of the same entity ("Storyhenge LTD."), as shown here:



18.     Moreover, both entities appear to be operating under the Infringing ALO Mark as an alternative business name, given the prominent use of "ALO" throughout the content of that website (including as shown above, which includes the header at the top of the main landing page, as shown below, *infra* ¶ 44), the meaning of "by[]alo" in the URL/web address, and *e.g.* the copyright notice at the bottom stating: "Copyright©ALO 2024."

19.     Venue is proper in the District of New Jersey under 28 U.S.C. section 1391(b) because Defendant Eyewear Space ALO was formed in resides in this district and Mr. Kim also resides in this district.

6

**PLAINTIFF'S DISTINCTIVE "ALO" BRAND**

20.     Since at least as early as 2006, and before Defendants used any similar mark, ALO and/or its predecessor-in-interest with respect to the ALO Marks (Color Image Apparel, Inc. ("CIA")) has continuously and prominently used the ALO Marks to denote the source of its high-quality products and services, garnering extensive consumer recognition and goodwill for the ALO Marks.

21.     ALO owns several common law and registered trademarks, including but not limited to as reflected in the following federal trademark registrations (collectively, the six registrations shown in **Exhibits A- G** are referred to as the "ALO Registrations") and further two relevant pending applications on the USPTO's Principal Register (together, these applications shown in **Exhibits H** and **Exhibit I** are referred to as the "ALO Applications"):

| Mark | Class(es) | Reg./Serial No. | Reg./App. Date |
|------|-----------|-----------------|----------------|
| ALO | Class 25: men's clothing, namely, pants, shirts, vests, jackets, hooded jackets and women's clothing, namely, pants, shirts, vests, jackets, hooded jackets, sports bras. | 3,875,869 (**Exhibit A**) | Registered November 16, 2010 |
| ALO | Class 18: Athletic bags. Class 25: Headbands; Leg warmers; Scarves; Tights. Class 28: Yoga mats. | 5,172,309 (**Exhibit B**) | Registered March 28, 2017 |
| ALO | Class 41: Providing classes in the field of meditation, mindful living, physical fitness, healthy lifestyle, yoga and exercise. | 5,597,575 (**Exhibit C**) | Registered October 30, 2018 |

40000/0910-52678816v2

| Mark | Class(es) | Reg./Serial No. | Reg./App. Date |
|------|-----------|-----------------|----------------|
| ALO | Class 35: Retail store and online retail and wholesale store services featuring clothing, apparel accessories, yoga equipment, bags, footwear, headwear, books. | 7,334,270 (**Exhibit D**) | Registered March 26, 2024 |
| ALO | Class 5: Dietary supplements; Food supplements; Health food supplements; Herbal supplements; Homeopathic supplements; Nutritional supplements; Protein supplements; Vitamin supplements. | 7,388,807 (**Exhibit E**) | Registered May 14, 2024 |
| ALO | Class 3: Body oils; Deodorants and antiperspirants; Essential oils for aromatherapy use; [etc.][1] | 7,739,309 (**Exhibit F**) | Registered March 25, 2025 |
| ALO | Class 25: Footwear; Athletic footwear | 7,804,231 (**Exhibit G**) | Registered April 23, 2023 |
| ALO | Class 9: Eyeglasses; Eyewear; Sunglasses; Eyewear accessories, namely, straps, neck cords and head straps which restrain eyewear from movement on a wearer; Eyewear cases; | Serial No. 98/749,429 (**Exhibit H**) | Application Filed September 13, 2024 |

---

[1] ALO's lengthier applied-for goods and services descriptions for both this Class 3 registration and the stylized mark application have been shortened here to feature the most relevant Class 9 and Class 35 eyewear-related goods and services.

40000/0910-52678816v2

| Mark | Class(es) | Reg./Serial No. | Reg./App. Date |
|---|---|---|---|
| | Frames for spectacles and sunglasses; Sports eyewear | | |
| alo (Stylized Mark) | Class 3: Cosmetics; Body oils; [etc.] <br><br> Class 4: Candles; Scented candles; Aromatherapy fragrance candles <br><br> Class 5: Dietary supplements; Dietary food supplements; Food supplements; [etc.] <br><br> Class 9: Eyeglasses; Eyewear; Sunglasses; Eyewear accessories, namely, straps, neck cords and head straps which restrain eyewear from movement on a wearer; Eyewear cases; Frames for spectacles and sunglasses; Sports eyewear <br><br> Class 18: Athletic bags; [etc.] <br><br> Class 21: Electric aromatherapy diffusers; [etc.] <br><br> Class 24: Gym Towels; Hand Towels; No-Slip Towels; Yoga towels; Yoga blankets <br><br> Class 25: Men's clothing, . . . and women's clothing, [etc.] <br><br> Class 26: Hair clips; Hair ribbons; [etc.] | Serial No. 98/805,132 (**Exhibit I**) | Application Filed October 16, 2024 |

9

| Mark | Class(es) | Reg./Serial No. | Reg./App. Date |
|---|---|---|---|
| | Class 27: Yoga mats; Personal exercise mats; Bags specially adapted for yoga mats | | |
| | Class 28: Yoga wheels; Yoga straps; [etc.] | | |
| | Class 35: Retail store and online retail and wholesale store services featuring clothing, apparel accessories, . . . eyewear, [etc.] | | |
| | Class 41: Providing classes in the field of meditation, mindful living, physical fitness, healthy lifestyle, yoga and exercise; [etc.] | | |
| | Class 44: Providing mental health and wellness information; [etc.] | | |

22.     The current status and title information maintained by the USPTO for each of these registrations and applications (including the Registration Certificates for each of the ALO Registrations, and the Notice of Acknowledgment and Receipt for the incontestable registrations) are attached hereto as **Exhibit A** through **Exhibit I**.

23.     The first three of the ALO Registrations are incontestable pursuant to 15 U.S.C. §1065, as reflected in **Exhibit A** through **Exhibit C**, and all of the ALO Registrations are valid and subsisting and in full force and effect, constituting evidence of Plaintiff's exclusive rights to use the ALO Marks throughout the United States.

24.     Since ALO's predecessor CIA created the ALO brand in 2006, CIA and now ALO have committed significant time, effort and money over the course of almost 20 years to gain a widely respected reputation for high-quality goods and services.  Through these almost two

decades of investment, ALO has developed significant goodwill and recognition in the ALO Marks in the United States and around the world, and ALO now holds a significant global trademark portfolio for its highly successful and well-loved brands—most importantly, its distinctive ALO brand.

25.    ALO has invested heavily in building consumer awareness for its ALO Marks, and its efforts have met with significant commercial success.  ALO continues to invest tens of millions of dollars annually in generating consumer awareness of its brand, with over 100 stores in high-traffic areas around the globe.

26.    As seen in the exemplary ALO Registrations listed above, ALO has expanded from its initial focus on apparel offerings to become a premier, all-encompassing wellness-focused lifestyle brand, offering a wide range of products and services.

27.    With respect to the glasses and sunglasses at issue in this action, ALO started selling sunglasses in connection with its ALO Mark at least as early as September 17, 2021.

28.    ALO's first use in commerce of the ALO mark in connection with sunglasses thus predates Defendants' first use in commerce on eyewear-related goods and services in the United States, which on information and belief commenced in or about 2025 when they formed Eyewear Space ALO.

29.    ALO's first use in commerce also predates Storyhenge's first possible claimed constructive priority date of June 11, 2024 per its filing date for its U.S. trademark application filed under Section 44(e) of the Lanham Act, as discussed in greater detail *infra*, ¶ 44.

30.    As a result of ALO's earlier use in commerce on sunglasses by many years, ALO acquired clear priority at common law in its use of the ALO Marks for sunglasses and closely

11

related eyewear goods and services, such that ALO has superior rights to Defendants with respect to their use of the Infringing ALO Mark as described herein.

31. Independently of Plaintiff's first use on sunglasses in 2021, predating Defendants' use of the Infringing ALO Mark by many years, ALO's prior and long-standing federal registrations for apparel under the ALO mark also establish priority extending to glasses and sunglasses as products within ALO's natural zone of expansion.

32. Indeed, sunglasses and other eyewear-related goods and services are closely related and/or complementary to ALO's apparel goods, as both eyewear and general apparel are worn by consumers, selected for both fashion and functionality.

33. Moreover, glasses and sunglasses are reasonably expected brand extensions from apparel, athleisure, and lifestyle goods and, on information and belief, are commonly offered by single-source brands within the same trade channels as apparel, including boutiques, brand-owned e-commerce sites, department stores, specialty retailers, and direct-to-consumer platforms.

34. Consumers encountering eyewear bearing the ALO Marks were thus likely to believe such goods originate from, are sponsored by, or are affiliated with ALO, even before ALO began offering sunglasses.

35. As such, even if ALO's use on sunglasses did not establish clear priority here (it does), the natural zone of expansion doctrine protects ALO's ability to expand from apparel into eyewear-related goods or services that consumers would reasonably expect ALO to offer considering marketplace realities, the relatedness of these goods at issue, consumer perception, and ALO's trade channels and brand positioning, because eyewear was a foreseeable and proximate category expansion for ALO from its inception.

36.     Thus, before the acts complained on in this Complaint, members of the general consumer population recognized the ALO Marks as exclusive source identifiers for apparel and eyewear-related goods and services originating from, sponsored or approved by ALO.

37.     ALO has the exclusive right to use the ALO Marks in interstate commerce, and ALO's use has been exclusive since it first adopted the ALO Marks, with the exception of unauthorized uses such as by Defendants as described in this Complaint.

38.     ALO has widely advertised, promoted and marketed goods under its ALO Marks in numerous and diverse advertising media including print, catalogs and the internet to promote the strength and renown of its ALO Marks.

39.     ALO has achieved a high level of commercial success in selling products and providing services bearing or sold in connection with its ALO Marks, including sunglasses, and has built a valuable reputation and substantial goodwill, with which the ALO Marks have become synonymous.

40.     By reason of ALO's priority through its first use on sunglasses and, independently, through its earlier apparel registrations and natural zone of expansion, Defendants' use of ALO on glasses and sunglasses is likely to cause consumer confusion, mistake, or deception, including initial interest confusion and post-sale confusion, and to falsely suggest sponsorship, affiliation, or endorsement by ALO.

## DEFENDANTS' INFRINGEMENT

41.     Storyhenge first indicated its intent to expand to the United States when it filed a federal trademark application with the USPTO on June 11, 2024 for the Infringing ALO Mark in International Classes 9, 35, 37, and 44, Application Serial No. 98/595,996 (the "Storyhenge Application").

42.     The current status and title information maintained by the USPTO for this Storyhenge Application is attached hereto as **Exhibit J**.

43.     As shown in that USPTO status and title printout (under "Basis Information"), Storyhenge applied to register the Infringing ALO Mark pursuant to Section 44(e) of the Lanham Act.

44.     Because Storyhenge relied on Section 44(e) of the Lanham Act (in contrast to Section 44(d), which requires that the United States application be filed within six months of the filing of the foreign application), it is not able to rely on any earlier, foreign priority date; instead, pursuant to the relevant statute (15 U.S.C. § 1126) and interpreting case law, Storyhenge may only claim its filing date of June 11, 2024 as its earliest U.S. priority date.

45.     Also as shown in that USPTO printout (under "Attorney/Correspondence Information"), Storyhenge has designated with the USPTO David Youngjoon Jung of Bridgeway IP Law Group, PLLC as its attorney of record for matters relating to the Infringing ALO Mark.

46.     Section 1051(e) of the Lanham Act provides that a trademark applicant that "is not domiciled in the United States the applicant may designate, by a document filed in the [USPTO], the name and address of a person resident in the United States on whom may be served notices or process in proceedings affecting the mark," and establishes that service may be made "by leaving with that person or mailing to that person a copy thereof at the address specified in the last designation so filed." *See* 15 U.S.C. § 1051.

47.     As such, although Storyhenge is a Korean entity, it has designated this attorney "a person resident in the United States on whom may be served notices or process in proceedings affecting the mark[,]" with the "address specified in the last designation" for this attorney as 11350

14

Random Hills Rd, Suite 800, Fairfax, Virginia 22030, and Storyhenge may therefore be served via delivery to this attorney in connection with this proceeding relating to the Infringing ALO Mark.

48.    The USPTO suspended the Storyhenge Application as of July 14, 2025 based on *inter alia* likelihood of confusion with three of ALO's earlier-filed applications.

49.    On information and belief, at some point in or about 2025 (after filing the Storyhenge Application on June 11, 2024), Storyhenge started offering for sale and selling glasses and sunglasses under the Infringing ALO Mark in the United States.

50.    Defendants' glasses and sunglasses products are advertised, offered for sale, and available to purchase from Defendants' website, https://olabyalo.com/, which both touts that it is a "Global Website" and prominently features the Infringing ALO Mark on the landing page, a true and correct copy of which is excerpted here for ease of reference:

40000/0910-52678816v2



51.    Unlike earlier versions of this website, which appear to offer the eyewear in Korean currency amounts that typically add a $1,200-$1,600 multiplier (*see, e.g.*, an Internet Archive capture of Defendants' website landing page from April 30, 2024 listing showing products available from $69,000.00 through $130,000.00, *available at* https://web.archive.org/web/20240430034541/http://www.olabyalo.com/), both the current website and the next available Internet Archive capture from January 24, 2025 show the products

16

available for purchase in typical U.S. currency amounts (*e.g.* $89.00-$205.00), *see* https://web.archive.org/web/20250124201729/http://www.olabyalo.com/.

52.     On information and belief, Storyhenge had Mr. Kim form a U.S. entity—Eyewear Space ALO—on May 8, 2025 to conduct Defendants' sales of eyewear in the United States under the Infringing ALO Mark.

53.     Further on information and belief, those products are available and have been sold throughout the United States, including sales to consumers in this judicial district.

54.     Plaintiff confirmed that Defendants' products are available for purchase in the United States by conducting a test purchase, which also confirmed that Defendants are using the Infringing ALO Mark on the product packaging and accessories, as shown here:

17



55.    In this way, long after Plaintiff's adoption and use of its ALO Marks in connection with a host of goods and services including apparel and eyewear, Defendants not only applied to register the Storyhenge Application with the USPTO, but also began using the Infringing ALO Mark in connection with eyewear-related goods.

40000/0910-52678816v2

56.     Defendants are currently using the Infringing Marks in advertising, offering for sale and selling eyewear-related goods including glasses and sunglasses, which use began after ALO's adoption and use of the ALO Marks.

57.     Defendants are not authorized to use the ALO Marks, or marks confusingly similar to the ALO Marks, in connection with their goods, nor are Defendants affiliated with ALO.

58.     Given the distinctive nature of the ALO Marks, Defendants' use of the ALO Marks or marks confusingly similar to the ALO Marks, including the Infringing ALO Mark, is likely to cause confusion, mistake and deception such that members of the public are likely to be confused as to the affiliation, connection or relationship between ALO and Defendants, and confused into believing Defendants' goods and/or services are endorsed by, sponsored by, or affiliated with ALO, when they are not.

59.     Defendants' actions in connection with their use of the Infringing ALO Mark in the United States create a likelihood of consumer confusion.

60.     ALO seeks injunctive relief to halt the irreparable harm caused by Defendants' online advertising and sale of eyewear-related goods and/or services in a manner that infringes the ALO Marks.

61.     Without an injunction, Defendants will continue to offer eyewear products such as glasses and sunglasses in connection with the Infringing ALO Mark, which creates a strong likelihood of consumer confusion with ALO's use of the ALO Marks.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement - 15 U.S.C. § 1114)

62.     ALO repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth in full.

19

63.     Plaintiff ALO is the exclusive owner of the valid ALO Marks for use in connection with its registered goods and services, as well as related goods and services that occupy its natural zone of expansion.

64.     As alleged herein, Defendants have used, are continuing to use, and on information and belief will continue to use the Infringing ALO Mark in commerce in connection with glasses and sunglasses, which use on eyewear-related goods and/or services is likely to cause confusion with ALO's use of its ALO Marks on *inter alia* eyewear.

65.     By the acts and omissions set forth above, Defendants have infringed and continue to infringe ALO's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114.

66.     Defendants' conduct and use of the ALO Marks or marks confusingly similar to the ALO Marks (i.e. the Infringing ALO Mark) is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' goods, and interfere with ALO's ability to use its marks to indicate a single quality control source of goods.

67.     ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law.  ALO is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

68.     Defendants have profited and are profiting by such infringement, and ALO has been, and is being, damaged by such infringement.  In addition to injunctive relief, then, ALO is also entitled to recover Defendants' profits in an amount to be proved at trial as a consequence of Defendants' infringing activities.

40000/0910-52678816v2

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))

69.     ALO repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth in full.

70.     Defendants' acts as alleged herein also constitute false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

71.     Defendants' aforesaid advertising, offering for sale, and sale of goods bearing the ALO Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, in that purchasers are likely to believe that Plaintiff authorizes or controls the advertising, offering, or sale of Defendants' goods described above, or that Defendants are associated with or authorized by Plaintiff to advertise, offer, or sell those goods.

72.     Defendants' use in commerce of the ALO Marks or marks confusingly similar to the ALO Marks (i.e. the Infringing ALO Mark) in connection with Defendants' goods constitutes a false designation of the origin and/or sponsorship of such goods, and falsely describes and represents such goods.

73.     Defendants' conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, ALO's trademark rights, and will cause irreparable harm to ALO's goodwill and business reputation.

74.     Similarly, if Defendants' conduct is not restrained and enjoyed by this Court, ALO will be irreparably injured as a result of Defendants' infringement and wrongful acts, circumstances as to which ALO has no adequate remedy at law.  ALO is therefore entitled to a preliminary and permanent injunction against further infringing and unlawful conduct by Defendants.

21

75.     Defendants have profited and are profiting by such infringement and ALO has been and is being damaged by such infringement.  In addition to injunctive relief, then, ALO is also entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing and unlawful activities.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

76.     ALO repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth in full.

77.     Defendants' actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendants with ALO, and as to origin of Defendants' goods, and ALO's apparent sponsorship or approval of Defendants' goods.

78.     Defendants' unauthorized actions and conduct as alleged herein constitute unfair competition under New Jersey common law.

79.     Defendants' unauthorized actions and conduct constitute direct infringements of ALO's federal and common law trademarks in violation of New Jersey common law.

80.     Defendants, unless restrained and enjoined by this Court, will cause irreparable harm to ALO, including but not limited to injury to ALO's goodwill and business reputation.

81.     ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law.  ALO is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

## FOURTH CLAIM FOR RELIEF
### (Violation of New Jersey's Unfair Competition Statute – N.J.S.A. § 56:4-1)

82.     ALO repeats and incorporates by reference each and every allegation contained in the foregoing paragraphs, inclusive, as though set forth in full.

22

83.     Plaintiff ALO owns the "ALO" trademark, which is valid, legally protectable, and has acquired goodwill and recognition in the marketplace

84.     Defendants' unauthorized use of the Infringing ALO Mark as a trademark, without the authorization or consent of Plaintiff ALO, in connection with eyewear-related goods and/or services, is likely to cause confusion and mistake, and to deceive consumers as to the source or origin of Defendants' goods and/or services, such that consumers are likely to believe that Defendants and/or their goods and/or services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Plaintiff ALO, which harms Plaintiff's business and reputation.

85.     Defendants' actions of misleading consumers into believing that their goods and/or services originated from or were affiliated Plaintiff when that is false constitute acts of unfair competition, misappropriation, passing off, unprivileged imitation and infringement, which acts are in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

86.     Defendants' conduct causes immediate irreparable harm to Plaintiff, including but not limited to injury to ALO's goodwill and business reputation.

87.     ALO has suffered, is suffering, and will continue to suffer irreparable injury for which ALO has no adequate remedy at law, and unless Defendants are enjoined, Defendants' conduct will continue to cause Plaintiff irreparable harm.

88.     Plaintiff has been and will continue to be harmed by Defendants' conduct in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.     Grant preliminary and permanent injunctive relief enjoining and restraining Defendants, their owners, officers, directors, partners, agents, servants, employees, licensees,

40000/0910-52678816v2

distributors, affiliates, representatives, and all those in privity or acting in concert with Defendants or on their behalf, from directly or indirectly:

A.      Selling, offering to sell, advertising, displaying, or otherwise using the ALO Marks, any derivative thereof, or any other mark, source identifier or designation (i.e. any term, mark, logo trade name, Internet domain name, or any other symbol of origin) that is similar thereto, including without limitation the Infringing ALO Mark—alone or in combination with other words, names, styles, titles, designs or marks—in connection with the sale, advertising, marketing and promotion of eyewear-related goods and/or services;

B.      Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by or licensed by ALO; and

C.      Otherwise using any words, names, designs, titles or marks that create a likelihood of confusion with ALO's trademarks, i.e. using in any other way any other mark or designation so similar to the ALO Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with ALO;

2.      Order that Defendants deliver to ALO's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by ALO, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendants' possession or control that bear the aforesaid infringing mark, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. § 1118, and other applicable laws;

24

3. Order Defendants to file with the Clerk of this Court and serve ALO, within thirty (30) days after the entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4. Order that Defendants transfer ownership of the https://olabyalo.com/ domain name to Plaintiff;

5. Order Storyhenge to abandon Application Serial No. 98/595,996 and/or any resulting registration, and (if needed) order the USPTO to cancel any registration that results from the Storyhenge Application pursuant to 15 U.S.C. § 1119;

6. Grant any and all relief provided pursuant to N.J.S.A. § 56:4-2, including treble damages;

7. Order Defendants to account for and pay to ALO all gains, profits and advantages derived by ALO from the unlawful activities in connection with the Infringing ALO Mark alleged herein;

8. Order an award of Defendants' profits in accordance with such accounting and award a judgment for three times Plaintiff's actual damages arising from Defendants' unlawful conduct pursuant to 15 U.S.C. § 1117;

9. Find that Defendants' conduct was willful and that this case is exceptional pursuant to 15 U.S.C. § 1117;

10. Award Plaintiff ALO its attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action;

11. Award Plaintiff ALO pre- and post-judgment interest at the highest rate allowed by law, including as an exceptional case and/or pursuant to 28 U.S.C. § 1961; and

12. Order any such other and further relief as this Court shall deem just and proper.

25

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Plaintiff, ALO, LLC*

By: /s/ Michael R. Yellin

Michael R. Yellin

Dated:  March 17, 2026

RUTAN & TUCKER, LLP
*Attorneys for Plaintiff, ALO, LLC*

By: /s/ Meredith L. Williams

Meredith L. Williams (*pro hac vice* forthcoming)

Dated:  March 17, 2026

26

40000/0910-52678816v2